**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

EMDEON PRACTICE SERVICES, INC.,
MEDICAL MANAGER RESEARCH &
DEVELOPMENT, LLC,

        Plaintiffs,

-vs-              Case No.  8:06-cv-1172-T-24TBM

FINAL SUPPORT, INC.,

        Defendant.
_____/

## O R D E R

   This cause comes before the Court for consideration of Plaintiffs' Motion to Dismiss or, in the Alternative, for a More Definite Statement (Doc. No. 10).  Defendant filed a Response thereto (Doc. No. 15).

   Plaintiffs filed suit against Defendant alleging that Defendant misappropriated Plaintiffs' protected mark for *The Medical Manager*® software and used it improperly in competition with Plaintiffs. Defendant subsequently filed its answer, defenses, and a three-count counterclaim against Plaintiffs.  Defendant's counterclaim alleges Tortious Interference with a Business Relationship (Count 1), Common Law Unfair Competition under Florida Law (Count 2), and Violation of the Texas Deceptive Trade Practices - Consumer Protection Act (Count 3).

   Plaintiffs now move this Court to dismiss Count 1 for failure to state a cause of action, or, in the alternative, for a more definite statement of the specific customer relationships with which Plaintiffs allegedly interfered and to dismiss Count 3 for failure to state a cause of action.

As to Count 1, the elements of the tort of unlawful interference with a business relationship are: (1) the existence of a business relationship; (2) the defendant's knowledge of the relationship; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the interference. <u>Ethan Allen, Inc. v. Georgetown Manor, Inc.</u>, 647 So. 2d 812, 814 (Fla. 1994).

Plaintiffs argue that Defendant only alleges that Plaintiffs "<u>attempted</u> to interfere with these relationships." Plaintiffs contend that this allegation is insufficient as a matter of law because a tortious interference claim requires actual interference as opposed to attempted interference. Further, Plaintiffs request that if the Court declines to dismiss Count 1, Defendant be ordered to state with which of Defendant's customer relationships Plaintiffs are alleged to have interfered.

The Court, however, finds that Defendant's counterclaim adequately alleges the elements of tortious interference with a business relationship. In addition, the Court is satisfied that Defendant is alleging interference with identifiable customers as opposed to the community at large and finds that Defendant is not required to specifically state in its counterclaim with which customer relationships Plaintiffs are alleged to have interfered. Accordingly, Plaintiffs' motion to dismiss is denied as to Count 1.

Plaintiffs next argue that Count 3 should be dismissed for failure to state a cause of action under the Texas Deceptive Trade Practices Act because Defendant is not a "consumer" as that term is defined in the Act. Defendant failed to respond to this argument. Accordingly, the Court construes this part of the motion as unopposed by Defendant and grants the motion as to Count 3.

Having considered the motion, and being otherwise fully advised, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Dismiss or, in the Alternative, for a More Definite Statement (Doc. No. 10) is **DENIED** as to Count 1 and **GRANTED** as to Count 3.

**DONE AND ORDERED** at Tampa, Florida, this 31st day of October, 2006.

SUSAN C. BUCKLEW
United States District Judge